BERRÍOS, PLAINTIFF AND APPELLANT, *v.* MUNICIPAL ASSEMBLY OF YABUCOA, DEFENDANT AND APPELLEE.

### Appeal from the District Court of Humacao in Certiorari Proceedings.

No. 2637.—Decided April 27, 1922.

CERTIORARI—MUNICIPAL LAW—TAXPAYERS—MUNICIPAL BUDGET—MUNICIPAL OFFICERS—DISCRETION OF COURT.—Although under a liberal construction of subdivision (*a*) of section 65 of the Municipal Law of 1919 any taxpayer should be considered included in the phrase ''aggrieved party'' therein contained, and, therefore, entitled to a review by certiorari of the administrative and legislative acts of municipal officers or bodies, the right of a

taxpayer to a writ of certiorari to annul the municipal budget must be asserted before the said budget goes into effect, otherwise the writ should be denied, apart from the fact that the granting or denying of the writ is always in the sound discretion of the court.

The facts are stated in the opinion.

*Mr. F. González* for the appellant.

*Mr. J. Soto Rivera* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The District Court of Humacao, after a hearing on a writ of certiorari, issued to test the validity of a municipal ordinance, annulled the writ so issued and dismissed the petition for reasons, among others, stated as follows:

"1. Section 45 of the Municipal Law as amended by Act No. 9, of May 12, 1920, provides that the budget framed by the council of administration shall be posted on the outside of the municipal building, the office of the collector of internal revenue, the police barracks, and the peace or municipal court, for a term of ten consecutive days, with the statement at the end of the budget that any resident of the municipality desiring to oppose or make objections thereto as to any of its items, shall do so by addressing the president of the municipal assembly in writing before the day on which said municipal assembly is to meet, which day shall be clearly stated.

"It seems that the petitioner did not avail himself of the right granted him by the law to petition the assembly to correct or eliminate the items relative to salaries and taxes which he deems prejudicial to his interest as a tax-payer when the said budget was presumably posted, thus giving the assembly an opportunity to act in the matter, and under these circumstances we think that the writ of certiorari to annul the budget does not lie. And we come to this conclusion because logic dictates to us that the budget of a municipality can not always be open to attack or objections when its items are to go into effect on a fixed date and the Municipal Law provides for the time and manner in which objections may be made. * * *

"This certiorari proceeding was not established until September 20, 1921, or six months after the approval and application of the budget, and, therefore, after the municipality had contracted obligations under said budget, and as the petitioner has not alleged a special reason justifying his delay in taking action, it seems to us

that in the circumstances he has not been diligent in defending his rights, it being, on the other hand, of more importance to consider the prejudices that might be caused to the municipality by the annulment of the budget.

" 'In order to entitle a person aggrieved to the benefit of this writ he must show that he has been ordinarily diligent or that he can obtain no adequate relief in the ordinary course of law.' Delgado v. District Court of Mayagüez, 8 P. R. R. 484; Jiménez v. District Court of San Juan, 9 P. R. R. 301. See also Hernández v. Hutchison, District Judge, 20 P. R. R. 484."

Error is assigned as follows:

First: The court erred in applying improperly to this case section 45 of the Municipal Law.

Second: The court erred in denying the petition on the ground that the same was presented after the budget was in force.

The argument under the first assignment is that petitioner bases his right upon subdivision (*a*) of section 65 of the Municipal Law, and that section 45 thereof has nothing to do with the case.

It is also asserted that the ordinance is absolutely void because approved after the expiration of the time limit fixed by law for the duration of the sessions of the municipal council, and, therefore, may be assailed anywhere and at any time. But no authority is cited either to sustain the interpretation sought to be given the statute by appellant, contrary to the construction adopted by the municipal council, or to support the proposition that an ordinance adopted after the expiration of the period prescribed is absolutely void, or to sustain the conclusion that, in such circumstances, the rule invoked by the district court does not apply.

Upon the question raised by the second assignment, appellant says:

"The reasons set forth in arguing the foregoing assignment of error are applicable to this second assignment and in order to uphold his contention the court can not take as a basis the deci-

sions cited from the Supreme Court of Porto Rico, because these decisions refer solely and exclusively to certiorari proceedings established for annulling judicial decisions and none of them have been promulgated in interpreting sections 65 of the Municipal Law which for the first time authorized the writ of certiorari to annul municipal ordinances when they are contrary to the laws of Porto Rico.

"The citations made by the judge of the lower court of American jurisprudence have no application, inasmuch as the Municipal Law has already determined that the writ of certiorari not only lies when constitutional rights are violated, but also when the acts executed are contrary to the laws of Porto Rico, and we have shown that the approval of the budget was in violation of sections 17 and 45 of the Municipal Law; and even assuming that Berríos was not a tax-payer, the said law grants to any citizen the right to petition for the writ which is the object of this litigation.

"It is not necessary that he should suffer any personal injury, for it is sufficient that the act be contrary to the law as in this case."

Section 65 of the Municipal Law provides: (Italics ours.)

"Sec. 65.—That on motion *of the aggrieved party* the courts of justice shall *have jurisdiction*—

"(*a*) To annul or review by writ of *certiorari* any legislative or administrative act of the municipal assembly, council of administration or commissioners, which infringes the constitutional rights of the complainant or which is contrary to the Organic Act or the laws of Porto Rico * * * ." Laws of 1919, p. 720.

Obviously the intention of the Legislature was to confer upon the courts jurisdiction to review administrative and legislative action which prior to the enactment of this law could not have been reached by certiorari. No new rules are prescribed for the exercise of this additional jurisdiction, once it is properly invoked. Nor may the court act upon the suggestion of any and every vexatious litigant who for reasons best known to himself may elect to test the validity of a municipal ordinance, but only at the instance "of the aggrieved party." The law does not abrogate those general rules and principles by which courts here as elsewhere

are guided in the exercise of a sound discretion as to whether or not the writ shall issue.

For the purposes of this opinion, however, it may be conceded that the language of the statute is broad enough to include, in a proper case if not in most cases, any tax-payer who has not waived or otherwise lost the right incident to such status. It might be further conceded, in the view we take of the instant case, that the failure to appear before the municipal council or to resort promptly to the courts, without more, would not justify a refusal of the writ. But it was proper for the court below to consider these matters in connection with the question of public interest and convenience. And in so far as the decision may rest, or be sustained, upon the ground last mentioned, we find no reversible error.

"Certiorari is properly refused * * * where, should the writ be granted and the proceedings quashed or reversed, mischievous consequences would ensue and the parties or third persons could not be placed in statu quo. The writ never is allowed where it would operate inequitably and unjustly.

"Where great public detriment or inconvenience would result or might have resulted from interfering with the proceedings of public bodies which exercise rights in which the people at large are concerned, and no substantial injury would result from its refusal, the writ has been denied, and its allowance in such cases is discretionary. * * *

"Generally certiorari will not be granted where the petitioner has been guilty of laches, or has not made application therefore in due season; but these objections are addressed to the sound discretion of the court, and the writ will be awarded or refused according as it may or may not promote the ends of justice." 11 C. J., pp. 130, 131, secs. 82, 83 and 86.

"Where the question is not regulated by statute or the fixed procedure, it may be stated as a general rule that the writ must be applied for within a reasonable time, or the same will be refused or dismissed if improvidently issued. * * *

"Where a reversal of the proceedings sought to be reviewed would

result in detriment or inconvenience to the public, or is calculated to derange the interests of society, a party is required to act speedily in making his application, and any unreasonable delay in so doing will warrant the refusal or dismissal of the writ. For instance, in case of public improvements unreasonable delay is fatal.

"So, where the petitioner has slept on his rights, and postponed his application until the proceedings sought to be reviewed have been confirmed or carried into execution, and public money has been expended thereon, the writ will be denied." Id. pp. 146, 147, secs. 133, 134 and 135.

"Though the public authorities of a city, town, county or other municipal body may be proceeding in a matter affecting tax-payers without warrant of law, so as to justify the interference of the court on the application of a tax-payer, the remedy of tax-payers may be lost by laches on their part in applying for relief." Ann. Cases 1913C, p. 898.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.

Mr. Justice Franco Soto took no part in the decision of this case.